**2007 BNH 037**     Note:   This is an unreported opinion.  Refer to LBR 1050-1 regarding citation.
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:                                                                                              Bk. No. 07-10416-JMD
                                                                                                    Chapter 13
Scott F. Haseltine and
Karren L. Haseltine,
            Debtors

*Gerald D. Neiman, Esq.*
*Gerald D. Neiman, Attorney at Law, PLLC*
*Keene, New Hampshire*
*Attorney for Debtors*

*Lawrence P. Sumski, Esq.*
*Manchester, New Hampshire*
*Chapter 13 Trustee*

## MEMORANDUM OPINION

### I.  INTRODUCTION

The Court has before it an Objection to Claimed Exemption filed by Lawrence P. Sumski, the chapter 13 trustee (the "Trustee"), wherein the Trustee objects to the Debtors' claim of a homestead exemption in a separate parcel of real estate that abuts the parcel of real estate upon which the Debtors' residence is located.  This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II.  FACTS

The parties stipulate to the following facts.  Scott and Karren Haseltine (the "Debtors") are a married couple.  Scott Haseltine owns real estate in Walpole, New Hampshire upon which sits the single family house occupied by the Debtors as their home (the "First Parcel").  Subsequent to the purchase of the First Parcel, the Debtors jointly purchased a contiguous parcel (the "Second Parcel").  The Debtors have erected a barn on the Second Parcel and keep two horses on this property.  The Debtors assert the fair market value of the First Parcel is $300,000.00, and the fair market value of the Second Parcel is $50,000.00.  CitiMortgage, Inc. holds a mortgage that encumbers the First Parcel but does not encumber the Second Parcel.  CitiMortgage, Inc. has filed a proof of claim asserting a secured claim in the amount of $245,146.00.  The Debtors have asserted a homestead exemption in both parcels, and the Trustee has objected to the assertion as it pertains to the Second Parcel only.

## III.  DISCUSSION

The Debtors have asserted a homestead exemption in both the First Parcel and the Second Parcel under New Hampshire RSA 480:1, which provides in relevant part that "[e]very person is entitled to $100,000 worth of his or her homestead, or of his or her interest therein, as a homestead."  The interpretation and application of RSA 480:1 presents the Court with a legal question.  Chase v. Ameriquest Mortgage Co., 921 A.2d 369, 372 (N.H. 2007); see In re Mirulla, 163 B.R. 910, 911 (Bankr. D.N.H. 1994).  At issue in this case is whether the Second Parcel constitutes part of the Debtors' homestead and therefore is eligible for exemption under the statute.  As the party objecting to the Debtors' claim of homestead exemption, the Trustee bears

the burden of proving that the homestead exemption was not properly claimed.  Fed. R. Bankr. P. 4003(c); In re Evarts, 2006 BNH 024, 4.

"Although 'homestead' is not defined by statute, the term is commonly understood to refer to a dwelling and the real property on which it is located."  Evarts, 2006 BNH 024, 4 (citing Bower v. Deickler (In re Deickler), 1999 BNH 026, 9 (citation omitted)).  In Hoitt v. Webb, 36 N.H. 158, 166 (1858), the New Hampshire Supreme Court indicated:

> The homestead . . . means the home place; the place where the house is . . .  It is the home, the house and adjoining land, where the head of the family dwells; the home farm.  It does not extend to other tenements, lots and farms that are not occupied personally by the owner and his family; houses in which they do not dwell, and farms on which they do not live.
>
> And the term does not necessarily imply all those parcels of land which may adjoin and be occupied together, for the homestead is the place of the house.

In Austin v. Stanley, 46 N.H. 51, 52 (1865), the New Hampshire Supreme Court reiterated that "homestead means home place, or place of the home."

"The purpose of the homestead exemption is 'to secure to debtors and their families, the shelter of the homestead roof; not to exempt mere investments in real estate, or the rents and profits derived therefore.'"  Stewart v. Bader, 907 A.2d 931, 943 (N.H. 2006) (quoting Austin, 43 N.H. at 52).  The homestead statute is "to be liberally construed to insure the beneficial purpose of the provision."  Currier v. Woodward, 62 N.H. 63, 66 (1882); see also Granite Bank v. Cohen (In re Cohen), 267 B.R. 39, 44-45 (Bankr. D.N.H. 2001); Mirulla, 163 B.R. at 911; Hoitt, 36 N.H. at 166 ("We are not inclined to limit or restrict the operation of the act, but to give it as liberal a construction as the legislature intended.").

The New Hampshire Supreme Court has issued several decisions that support the Debtors' contention that they can exempt the Second Parcel as part of their homestead pursuant to RSA 480:1.  In Libbey v. Davis, 68 N.H. 355, 356 (1895), the New Hampshire Supreme Court

3

held that "[t]o entitle one to a homestead right, it is not essential that he actually dwell on the land in which it is claimed." Rather, as long as the property was "actually and conveniently used" by the owners in connection with the house where they lived and was "necessary to the convenient enjoyment of the house by them as a home," the property could properly be claimed as exempt under the New Hampshire statute. Id. In the Libbey case, two brothers had bought a farm consisting of 100 acres that adjoined their mother's homestead. Id. at 355. The brothers used their farm land to cut firewood, pasture their cattle, raise crops, cut grass, and store hay in their barn. Id. They did not, however, live in the house on their property, but rather, for convenience, resided with their mother. Id. The New Hampshire Supreme Court ruled that the brothers were entitled to claim a homestead right in their property. Id. at 356.

In Rogers v. Ashland Sav. Bank, 63 N.H. 428, 428 (1885), the Supreme Court held that there may be a right of homestead in land on which there is no building where the owner leased his residence on one parcel of real estate but owned an adjoining parcel which he occupied "as part of the place of his home" by using it as a garden. In Nichols v. Nichols, 62 N.H. 621, 621 (1883), the Supreme Court held that a person who moves from his own house on his own land to an adjoining lot owned by another does not abandon his homestead in his own land where he continues to occupy it as part of his "home place." Thus, where a husband and wife moved from the husband's farm to a house on an adjoining lot owned by the wife, and they continued to occupy and operate the husband's farm as before, the husband did not abandon his homestead and, upon his death, his wife was entitled to a homestead in his estate. Id.

Further, the Supreme Court stated in Cole v. Laconia Sav. Bank, 59 N.H. 321, 322 (1879), that "[t]o entitle the claimant to a homestead, there must be a home established on the land claimed, or the land must be a part of that which constitutes the homestead, or connected

4

with it by beneficial use." In that case, the Supreme Court ruled that the owners were not entitled to a homestead exemption because the land, upon which no house was located and which the owners used for raising hay, was more than three miles away from the property in which the owners, who boarded, lived. However, in Buxton v. Dearborn, 46 N.H. 43, 44-45 (1865), the Supreme Court held that a parcel of land located about one mile from the owner's house, which was used to furnish feed to a cow kept at the owner's house, was part of the owner's homestead and could be exempt. The Supreme Court stated:

> If a piece of land was actually and conveniently used with the house, where a debtor lives, and was necessary to the convenient enjoyment of the house as a home for his family, the land might well be considered as a mere appurtenant to the house, and it would be a narrow construction tending to defeat the humane object of the statute, to hold that it could not be regarded as parcel of the homestead because it did not happen to adjoin the land on which the house stood.

Id.

In addition to these decisions of the New Hampshire Supreme Court, this Court has previously stated that "[u]nder New Hampshire law the homestead need not be a single parcel of land on which the debtor dwells." In re Myers, 323 B.R. 11, 13 (Bankr. D.N.H. 2005). Rather, it is enough if the parcel is actually and conveniently used by the debtors in connection with the house where they live and is necessary to the convenient enjoyment of the house by them as a home. Id. (citing Libbey, 68 N.H. at 356). "Actual use" by the owners is the controlling factor. Id. at 14. Other decisions from this Court support this notion. See, e.g., Cohen, 267 B.R. at 44 (concluding that the debtor treated an entire 59.7 acre parcel of property as his homestead and did not treat or use the property as two separate parcels of real estate, despite the fact that the property was assessed as two lots for tax purposes); In re Tsoupas, 250 B.R. 466, 468 (Bankr. D.N.H. 2000) (concluding from the evidence that the debtor only had a homestead interest in the apartment unit in which he resided); Kilburn v. Filby (In re Filby), 225 B.R. 532, 536 (Bankr.

5

D.N.H. 1998) (ruling that the debtor could claim a homestead exemption only in the half of the duplex premises in which the debtor resided); Mirulla, 163 B.R. at 911 (holding that the debtor was entitled to a homestead exemption only in the five rooms of hotel in which the debtor actually resided).

In this case, it is undisputed that the Debtors have constructed a barn on the Second Parcel, which is contiguous to the First Parcel on which their home sits, and actively use the Second Parcel for their two horses. In the Court's view, the Second Parcel is actually and conveniently used by the Debtors in connection with their enjoyment of their house located on the First Parcel. Therefore, in accordance with the cases cited above, the Court concludes that the Second Parcel constitutes part of the Debtors' homestead and therefore was properly claimed as exempt under RSA 480:1 as the equity in the two parcels is less than $200,000.00.

## IV.  CONCLUSION

Because the Court concludes that the Debtors have properly claimed a homestead exemption in both the First Parcel and the Second Parcel, the Trustee's objection to their claim of homestead exemption is overruled. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

ENTERED at Manchester, New Hampshire.

Date:   October 5, 2007             /s/ J. Michael Deasy
                                    J. Michael Deasy
                                    Bankruptcy Judge